IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff,<br><br>    vs.<br><br>BRIAN WILLIAM C. STEFFEN; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants.<br>_____ | ) CIVIL NO. 12-00245 SOM-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO GRANT<br>) PLAINTIFF'S MOTION TO<br>) REMAND ACTION REMOVED FROM<br>) THE CIRCUIT COURT OF THE<br>) SECOND CIRCUIT, STATE OF<br>) HAWAII<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT
<u>COURT OF THE SECOND CIRCUIT, STATE OF HAWAII</u>

Before the Court is Plaintiff The Bank of New York Mellon's ("Plaintiff") Motion to Remand Action Removed From the Circuit Court of the Second Circuit ("Motion"), filed May 18, 2012. On June 6, 2012, Defendant Brian William C. Steffen ("Defendant") filed an Objection to the Motion.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District

Court for the District of Hawaii ("Local Rules").
After careful consideration of the Motion, the
supporting and opposing memoranda, and the applicable
law, the Court HEREBY FINDS AND RECOMMENDS that the
district court GRANT Plaintiff's Motion for the reasons
set forth below.

### BACKGROUND

On March 14, 2012, Plaintiff filed an action
in the Circuit Court of the Second Circuit, State of
Hawaii. Plaintiff served Defendant with the Complaint
on April 6, 2012.

On May 9, 2012, Defendant filed a Notice of
Removal ("Notice").

### DISCUSSION

Plaintiff moves to remand this action to the
Circuit Court of the Second Circuit, State of Hawaii,
on two grounds: 1) the Notice was untimely filed and
2) Defendant resides in Hawaii.

## I. Removal was Improper

Defendant removed the instant case pursuant to

28 U.S.C. §§ 1332, 1441, and 1446.  Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

28 U.S.C. § 1441 (a), (b) (emphasis added).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See <u>Durham</u>

v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Significantly, in the Notice, Defendant alleges that he "is a person living in the State of Hawaii."[1]  Notice of Removal at ¶ 4.  Defendant further alleges that Plaintiff is a banking association with a principal place of business in the State of New York, and the amount in controversy exceeds $75,000.00.  Id. at ¶¶ 3, 5.  Federal district courts have original jurisdiction over cases between citizens of different states.  See 28 U.S.C. § 1332(a).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the

_____

[1]  In a Declaration filed on September 10, 2012, defense counsel confirmed that Defendant has lived exclusively on Maui for 15 years; that he considers Maui to be his domicile; and that he has no significant ties with any other state.  Doc. No. 29 at ¶¶ 4-5.

action was brought.  See id. § 1441(b).  Thus, a United
States district court has diversity jurisdiction over
an action when the amount in controversy exceeds
$75,000, excluding interest and costs, and the action
is between citizens of different states.  See id.
§ 1332(a)(1).  Federal removal jurisdiction on the
basis of diversity "is determined (and must exist) as
of the time the complaint is filed and removal is
effected."  Strotek Corp. v. Air Transport Ass'n of
America, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations
omitted).

    In the instant case, Defendant's allegation of
Hawaii citizenship, when coupled with the fact that
Plaintiff commenced this action in Hawaii state court,
precludes removal.  As the Court already mentioned,
§ 1441(b) explicitly provides that actions based on
diversity jurisdiction may only be removed if none of
the served defendants is a citizen of the state in
which the action is brought.  See 28 U.S.C. § 1441(b).
Consequently, the Court finds that the Notice fails to

establish a proper basis for removal.  Insofar as jurisdiction is lacking, this Court recommends that the district court remand the case to the Second Circuit Court, State of Hawaii.  <u>See</u> 28 U.S.C. § 1447(c).

II. <u>Timeliness of Removal</u>

Given the Court's determination that the action was improperly removed, the Court need not address Plaintiff's argument that the action was untimely removed.

<u>CONCLUSION</u>

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion, and remand this action to the Second Circuit Court, State of Hawaii.  The hearing on Plaintiff's Motion, currently set for 9:30 a.m. on September 25, 2012, is HEREBY VACATED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 10, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

THE BANK OF NEW YORK MELLON V. STEFFEN, CV 12-00245 SOM-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAII